IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOCAL 541, TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO and TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>**JAMES FUDGE**, *et al.*,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br>Civil Action No. **3:14-CV-3639-L** |

## ORDER

Before the court is Defendants' James Fudge, Earl Smith, Rick Campbell, Nate Pike, Marco Amaya, Ken York, and Mark Stephens Motion to Dismiss Plaintiffs' Original Complaint (Doc. 11), filed November 19, 2014. Defendants seek dismissal of Plaintiffs' claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On March 24, 2015, Magistrate Judge David L. Horan entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), determining that dismissal was not appropriate on any of the grounds asserted by Defendants, except for the ground pertaining to the jurisdiction of the National Mediation Board ("NMB"). Because of the overlap in the proceedings in this case and related proceedings before the NMB, the magistrate judge recommended that the court grant Defendants' motion to dismiss on this ground under Rule 12(b)(1) for lack of jurisdiction.

On April 20, 2015, Plaintiffs filed objections to the Report. No response to the objections was filed by Defendants. In their objections, Plaintiffs raise a number of arguments. The court concludes that one of those arguments is dispositive of the issue of whether the court has jurisdiction

over this action. Plaintiffs contend, among other things, that because the NMB entered a decision on April 15, 2015 (after the Report issued), dismissing the National Airline Professionals' ("NAAP") application for representation and certifying the Transport Workers Union of America, AFL-CIO ("TWU") as the collective bargaining representative, there is no longer a risk that the proceedings in this case will infringe on the NMB's jurisdiction to determine the bargaining representative for the post-merger airline employee groups involved. The court agrees.

After reviewing the pleadings, file, record, objections, and Report, the court determines the basis for the magistrate judge's recommendation that the court grant the motion dismiss this action for lack of jurisdiction in light of the pending NMB proceeding is **mooted** by the NMB's April 20, 2015 decision and the resolution of the proceedings before it. As a result, there is no longer a risk of overlap between this case and the NMB proceeding. The court, therefore, concludes that it has jurisdiction and **sustains** Plaintiffs' objection in this regard.

Defendants also moved to dismiss under Rules 12(b)(1) and 12(b)(2) on other grounds. The court determines that the magistrate judge's findings and conclusions regarding the other grounds raised in the motion to dismiss are correct, and Defendants are not entitled to dismissal of this action based on the other grounds asserted in their motion. Accordingly, for the reasons stated, the court **denies** Defendants' James Fudge, Earl Smith, Rick Campbell, Nate Pike, Marco Amaya, Ken York, and Mark Stephens Motion to Dismiss Plaintiffs' Original Complaint (Doc. 11).

**It is so ordered** this 25th day of September, 2015.

Sam A. Lindsay
United States District Judge